UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONALD JOE RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-0169-JMS-DKL |
| | ) |
| LENA BURROWS, CHRIS WILLIAMS, | ) |
| BRIAN SMITH, BRUCE LEMMON, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Action**

**I. Background**

The plaintiff has filed two similar motions to amend that the Court construes as an amended complaint. The plaintiff filed a complaint on May 16, 2016, alleging a violation of his rights under the First Amendment when defendant Lena Burrows allegedly limited the number of copies he could make of his federal pleadings. The Court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. The plaintiff was given through June 20, 2016, to file an amended complaint.

The plaintiff has filed two amended complaints that sets forth nearly identical factual allegations as those contained in the initial complaint. He alleges in the amended complaints that Lena Burrows and Chris Williams prevented him from making copies of the pleadings he intended to file in court and this denied him access to the courts and prevented him from being released from prison. In the amended complaint filed on June 23, 2016, the plaintiff alleges a violation of the First and Fourteenth Amendment.

**II. Screening**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

*A. First Amendment*

The Court explained it its Entry dismissing the initial complaint that the right to access to the courts goes no further than access. And though he alleges Ms. Burrows and Mr. Williams prevented him from making copies or limited the number of copies he could make of his federal pleadings, he does not allege that he was unable to send a single original pleading. Prisoners do not have an unlimited right to free copies. *Bounds v. Smith*, 430 U.S. 817 (1977); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980). The plaintiff was not denied access to the courts and his claim under the First Amendment is **dismissed for failure to state a claim**.

*B. Fourteenth Amendment*

The plaintiff alleges his rights under the Fourteenth Amendment were violated "by prohibiting materials (legal documents) of the computers to use, in his Civil and Criminal cases. . . ." "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983). The plaintiff has failed to allege that he was treated unfairly because of his

membership in a particular class and therefore does not allege a viable equal protection claim. His claim under the Fourteenth Amendment is **dismissed for failure to state a claim.**

The plaintiff also alleges generally that his due process rights were violated. However, there is no occasion to invoke the important but limited protections of due process because as discussed in section II. A., the plaintiff's allegation are more appropriately analyzed under the First Amendment. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.").

The plaintiff has failed to state a claim in the amended complaints. This action is **dismisse**d pursuant to 28 U.S.C. § 1915(A)b. Judgment shall now issue.

**The clerk is directed** to terminate the motion flag at dockets 5 and 9.

Finally, the plaintiff's motion for court order and add exhibit [dkt. 6] is **denied**. In this motion, the plaintiff seeks an order from this Court directed to the Putnamville Correctional Facility that the plaintiff be permitted to make copies of certain legal papers and other documents. However, prisoners do not have an unlimited right to free copies. *Bounds v. Smith*, 430 U.S. 817 (1977); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980).

**IT IS SO ORDERED.**

Date: July 5, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Donald Joe Rush, #936993
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135